# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARREN TAYLOR,

        Petitioner,    :    Case No. 3:16-cv-101

 - vs -                          District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

                                 :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Darren Taylor to obtain relief from his conviction in the Montgomery County common Pleas Court on two counts of murder, aggravated robbery, felonious assault, having weapons while under disability, and firearm specifications. As with all post-conviction remedy cases filed at the Dayton location of court, the case has been referred to the undersigned by the Dayton General Order of Assignment and Reference. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner Taylor pleads one ground for relief

> **Ground One:** Petitioner was denied his constitutional right to be secured in his effects and due process pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States and Article I, §

1

> 10 of the State of Ohio Constitution when the trial court failed to suppress the evidence obtained from the warrantless search for and of his cell phones, including, but not limited to the GPS Data obtained therein.

(Petition, ECF No. 1-1, PageID 12.)

There is no separate Fifth Amendment right to be free of unreasonable searches and seizures. Rahter, that right is embodied in the Fourth Amendment and has been made applicable to the States and the conduct of their law enforcement officers through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961) (exclusionary rule); *Wolf v. Colorado*, 338 U.S. 25 (1949) (freedom from unreasonable searches and seizures). Furthermore, this Court has no authority in a habeas corpus action to consider claims of violation of the Ohio Constitution, but only the federal constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Therefore Taylor's claim is analyzed herein solely under the Fourth Amendment.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in

discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Mr. Taylor reports that after he was convicted and sentenced, he appealed to the Second District Court of Appeals for Montgomery County. On appeal he raised one assignment of error: "the trial court erred by failing to suppress the evidence obtained from the warrantless searches of his cell phones including the GPS data obtained thereby." *State v. Taylor,* 2014-Ohio-2550, 2014 Ohio App. LEXIS 2502 (2nd Dist. June 13, 2014). Judge Hall's opinion recites that Taylor filed a motion to suppress and the trial court held a hearing and then overruled the motion to suppress. *Id.* at ¶ 5. Thus it appears on the face of the record that Taylor received a full and fair opportunity to litigate his Fourth Amendment claim, both in the trial court and on appeal.

**Conclusion**

Based on the foregoing analysis, the Petition should be dismissed as barred by the holding in *Stone v. Powell, supra*  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify

to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 24, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

.