# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARREN TAYLOR,

    Petitioner,   :  Case No. 3:16-cv-101

 - vs -          District Judge Walter Herbert Rice
               Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

             :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 3). Judge Rice has recommitted the case for reconsideration in light of the Objections (Order, ECF No. 6).

Taylor pleads one ground for relief

> **Ground One:** Petitioner was denied his constitutional right to be secured in his effects and due process pursuant to the Fourth, Fifth and Fourteenth Amendments of the United States and Article I, § 10 of the State of Ohio Constitution when the trial court failed to suppress the evidence obtained from the warrantless search for and of his cell phones, including, but not limited to the GPS Data obtained therein.

(Petition, ECF No. 1-1, PageID 12.) The Report recommended dismissing the Petition as barred by the doctrine of *Stone v. Powell,* 428 U.S. 465 (1976). In that case, the Supreme Court held that Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.

1

**Only a Fourth/Fourteenth Amendment Claim**

In the Report, the Magistrate Judge noted that only federal constitutional claims are cognizable in habeas corpus.  Therefore no analysis was provided of Taylor's claims under the Fifth Amendment to the United States Constitution or under Article I, § 10 of the Ohio Constitution.  The Report also noted that the protections of the Fourth Amendment had been deemed applicable to the States through the Due Process Clause of the Fourteenth Amendment.

Taylor agrees in his Objections that only federal constitutional claims are cognizable in habeas, but notes that some violations of state law are cognizable "if they render a trial fundamentally unfair."  (ECF No. 5, PageID 36.)  However, he makes no further argument as to how the Ohio Constitution was violated or how any such violation that did not also violate the Fourth Amendment rendered his trial fundamentally unfair.

This Supplemental Report therefore proceeds on the premise that only a Fourth Amendment claim is at issue.

**Full and Fair Opportunity to Litigate**

Taylor argues he did not receive a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts and therefore is entitled to litigate them here.

Taylor cites many cases from different federal circuit courts stating different interpretations of what a ful and fair opportunity to litigate means (Objections, ECF No. 5, PageID 36-38).  However, as a District Court in the Sixth Circuit, this Court is not free to pick and choose standards from other circuits when our circuit has spoken definitively on a legal

point.  As stated in the Report, the Sixth Circuit has done so in *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)(quoted at Report, ECF No. 3, PageID 29).  In *Riley*, the Sixth Circuit found Ohio's procedure, embodied in Ohio R. Crim. P. 12, provides a constitutionally adequate mechanism for litigating Fourth Amendment claims:  motion to suppress in the trial court with an accompanying fact-finding hearing and a direct appeal of right.  674 F.2d at 526.

Taylor makes no claim that the Ohio method for litigating Fourth Amendment claims is not adequate in the abstract.  Rather, he claims it did not get used appropriately in his case.  He admits his attorney filed a motion to suppress which he supplemented (Objections, ECF No. 5, PageID 34).  He further admits that hearing was held on that motion which he trial judge overruled.  *Id.*  at PageID 34-35.  But, he says,

> Trial counsel failed to investigate, locate and/or present rebuttal information, or subpoena witnesses that were germane to the issues raised on suppression and tantamount to the trial court's decision-making, including that of petitioner. Counsel also failed to appeal trial court's decision prior to the commencement of trial.

*Id.*  at PageID 35.  Thus, he claims, his opportunity for full and fair adjudication of his Fourth Amendment claims was thwarted by what amounts to ineffective assistance of trial counsel.

Taylor continues by complaining about the performance of appellate counsel on this issue:

> Appellate counsel on December 16, 2013 absent any prior discussions or communication with petitioner filed the same sole assignment of error on direct appeal. Petitioner sought to withdraw both counsel and appellant's brief on December 30, 2013 as the aforementioned specifics and other information regarding appellant's Fourth Amendment claim, and trial counsel's ineffective assistance, as with other meritorious assignment of errors which were vital to petitioner's direct appeal were not included, as well as the removal of misstatements or misinformation made by appellate counsel. Subsequently on March 11, 2014 petitioner's motion was overruled.

*Id.* . This can be read as claiming he received constitutionally ineffective assistance of appellate counsel.

Criminal defendants are of course constitutionally entitled to effective assistance of counsel under the Sixth Amendment as incorporated by the Fourteenth. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).  Claims of ineffective assistance of counsel may therefore be litigated in federal habeas corpus.  But Taylor has not pled a claim of either ineffective assistance of trial counsel or ineffective assistance of appellate counsel, but rather a Fourth Amendment claim.

This Court cannot, under Stone v. Powell, litigate ineffective assistance claims as adjuncts to Fourth Amendment claims.  If Taylor were to amend his Petition to assert ineffective assistance of trial counsel and/or ineffective assistance of appellate counsel, this Court could adjudicate those claims, but they would be subject to the usual threshold questions:  Have they been presented to the state courts?  What disposition did the state courts make of them?  Are they procedurally defaulted in some way?

In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held even an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." Id.  at 638, quoting *Moore v. Cowan,* 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the

> adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40.

Consistent with Sixth Circuit precedent, Taylor has received a full and fair opportunity to litigate his Fourth Amendment claims. His Sixth Amendment claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel are not pled and are not properly before this Court.

**Conclusion**

It is therefore again respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 26, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

5

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).