# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARREN TAYLOR,

        Petitioner,      :      Case No. 3:16-cv-101

  - vs -                             District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND

This habeas corpus case is before the Court on Petitioner's Motion to Amend and/or Make Additional Findings (ECF No. 13, PageID 65).

On August 5, 2016, District Judge Rice adopted the Magistrate Judge's recommendation that this case be dismissed with prejudice (Decision and Entry, ECF No. 11). Judgment was entered on that Decision the same day (Judgment, ECF No. 12). The instant motion was filed August 25, 2016, and is therefore timely under Fed. R. Civ. P. 59(e).

As the Motion acknowledges, the Petition raised only one ground for relief, to wit, that Mr. Taylor had been deprived of his constitutional rights by the failure to the Ohio courts to suppress the results of the warrantless search for and of his cell phones.

The Magistrate Judge recommended this claim be dismissed as barred by the "full and fair opportunity" doctrine of *Stone v. Powell*, 428 U.S. 465 (1976)(Report and Recommendations, ECF No. 3; Supplemental Report and Recommendations, ECF No. 7). Judge

1

Rice adopted both of these Reports (ECF No. 11).

The standard for deciding a motion to amend under Fed. R. Civ. P. 59(e) is set forth in *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Id.* at 834.

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

> The purposes behind Rule 59(e), as well as the mechanics of its operation, counsel in favor of the nonapplicability of second-or-successive limitations. The ten-day limit of Rule 59(e)... applies to an inherent power that a district court has even prior to the entry of judgment. *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). That power is "distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered." *Id.* Under Fed. R. App. P. 4(a)(4)(A)(iv), a timely Rule 59(e) motion automatically tolls the period for filing a notice of appeal. Because

> a Rule 59(e) motion only "operates to suspend the finality of the [district] court's judgment," *Miltimore Sales, Inc.*, 412 F.3d at 688 (quoting *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267, 98 S. Ct. 556, 54 L. Ed. 2d 521 (1978)), it is not a collateral action. Conversely, a Rule 60(b) motion filed more than ten days after entry of final judgment does not toll the deadline for appeals, and thus does not prevent a judgment from becoming final. *Stone v. INS*, 514 U.S. 386, 401, 115 S. Ct. 1537, 131 L. Ed. 2d 465 (1995); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007).

*Howard v. United States*, 533 F.3d 472, 474-75 (6th Cir. 2008).

Taylor argues that he did not have a full and fair opportunity to have his Fourth Amendment claim adjudicated because the Second District's

> conclusions were absent the critical information substantiating petitioner's challenge to the legality of the search and proof that he had constitutional standing . . .[that] was not made available until after October 25, 2014 where in fact petitioner's discretionary appeal was due in the Ohio Supreme Court on or before October 24, 2014, thus not allowing direct submission or review by the State Supreme Court. Petitioner subsequently sought to vacate the State Supreme Court's judgment to assure comprehensive review of this material which was to no avail.

(Motion, ECF No. 13, PageID 66.)

Referring to what is presumably the same "critical information," Taylor wrote in his Objections to the Report that he had filed his appeal to the Ohio Supreme Court October 17, 2014, and that court declined appellate jurisdiction on March 25, 2015 (Objections, ECF No. 5, PageID 35). Then on May 11, 2015, he submitted an Application to the Ohio Supreme Court to vacate this judgment which he then revised on June 11, 2015, "which contained both information and affidavit attesting to actual ownership, usage, and service, of the cell phones in question that establishes [sic] petitioner's expectation of privacy and of [sic] which trial and appellate counsel failed to present respectively." *Id.*

The Supplemental Report noted that Taylor blamed the lack of complete presentation of

3

his motion to suppress on his trial counsel's ineffectiveness in presenting the information and/or his appellate counsel's failure to raise an ineffective assistance of trial counsel claim, but noted that Taylor had pled only a Fourth Amendment claim and this Court could not adjudicate ineffective assistance claims as adjuncts to the Fourth Amendment claim because they are also subject to the usual habeas exhaustion and procedural default rules (Supplemental Report, ECF No. 7, PageID 46).

In his Objections to the Supplemental Report, Taylor again spent considerable time discussing circuit court of appeals decisions from other circuits, which are immaterial. He made no response to the Supplemental Report's insistence that ineffective assistance claims could not be litigated in federal court as adjuncts to a Fourth Amendment claim and made no showing that he had attempted to exhaust those claims in the Ohio courts. In his conclusion he asked that this Court grant an evidentiary hearing on his claims or provide him with the state court file and transcripts so that he could pursue state court relief (ECF No. 10, PageID 60).

In adopting the Magistrate Judge's recommendation, Judge Rice expressly found Taylor's claim of ineffective assistance of trial counsel and ineffective assistance of appellate counsel had never been before this Court and Taylor's Petition was barred by *Stone v. Powell, supra* (ECF No. 11).

Taylor's Motion to Amend does not show that Judge Rice's Decision is based on a manifest error of law. In particular, a state court process for adjudicating motions to suppress does not violate *Stone v. Powell* because a defendant seeks to introduce relevant evidence for the first time before the state supreme court. That court, like most appellate courts, is limited to the record on appeal. Refusal to allow new evidence at the state supreme court level does not render the opportunity to litigate a Fourth Amendment claim less than full and fair.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Mr. Taylor's Motion to Amend be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 29, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).