# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DARREN TAYLOR,

        Petitioner,    :    Case No. 3:16-cv-101

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

TOM SCHWEITZER, Warden,
 Lebanon Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO AMEND

Darren Taylor brought this habeas corpus action to obtain relief from a conviction he asserts is unconstitutional because "the trial court failed to suppress the evidence obtained from the warrantless search for and of his cell phones, including, but not limited to the GPS Data obtained therein." (Petition, ECF No. 1-1, PageID 12.) The original Report recommended dismissal under *Stone v. Powell*, 428 U.S. 465 (1976), because Taylor's trial attorney had filed a motion to suppress which was overruled after a hearing and then affirmed on appeal. *State v. Taylor*, 2014-Ohio-2550, 2014 Ohio App. LEXIS 2502 (2nd Dist. June 13, 2014). This meets the Sixth Circuit criteria for a full and fair opportunity to litigate a Fourth Amendment claim under *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).

In his Objections, Taylor blamed his trial attorney for not obtaining and presenting at the hearing (January 8, 2013) additional evidence on the suppression issues (Objections, ECF No. 5,

1

PageID 35). It was not until two and one-half years later on May 11, 2015, that Taylor submitted "both information and affidavit attesting to the actual ownership, usage, and service, of the cell phones in question that establishes petitioner's expectation of privacy and of which trial and appellate counsel failed to present respectively." *Id.* This information was submitted to the Ohio Supreme Court two months after it had declined jurisdiction over his appeal. Taylor then cited interpretations of *Stone's* "full and fair opportunity" language from a number of circuit courts other than the Sixth and asked for an evidentiary hearing under *Townsend v. Sain*, 372 U.S. 293 (1963).

In a Supplemental Report, the Magistrate Judge noted this Court is bound by the standards for full and fair opportunity set in *Riley*, *supra*, and that the Sixth Circuit had held that an evidentiary hearing was not necessary in every case to satisfy that standard (Supplemental Report, ECF No. 7, PageID 46, citing *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013)).

The Court adopted the Reports and dismissed the case (ECF No. 11). The instant Motion under Fed. R. Civ. P. 59(e) followed. Taylor again asserted that the "critical information" he needed to substantiate his Fourth Amendment claim "was not made available until after October 25, 2014, . . ." (Motion, ECF No. 13, PageID 66). The Magistrate Judge recommended denying the instant motion, noting that Taylor's claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel had never been presented to the state courts nor pleaded in the Petition (ECF No. 14, PageID 71).

Mr. Taylor has now objected again (ECF No. 16) and Judge Rice has recommitted the Motion for Reconsideration in light of the Objections (Recommittal Order, ECF No. 17). He reminds the Court that he had previously asked for an evidentiary hearing for factual

2

development or for this Court to provide him with the state court record and stay this case until he has exhausted available state relief (ECF No. 16, citing ECF No. 10, PageID 60).  He also seeks further findings under Fed. R. Civ. P. 52(b).  *Id.*  at PageID 76.  He again emphasizes that no court has considered the "critical and substantive information" which he filed with the Ohio Supreme Court after it had declined jurisdiction. *Id.*  at PageID 77.  He then against cites *Townsend v. Sain*, *supra*, about holding an evidentiary hearing in federal habeas. *Id.*  at PageID 78.

## Analysis

Petitioner wants this Court to consider his "critical and substantive" proof regarding cell phones and then make a de novo determination of his Fourth Amendment claims.  He admits that this information was never presented to any of the state courts before final judgment declining jurisdiction in the Ohio Supreme Court.

This Court cannot consider this new post-judgment evidence.  *Townsend v. Sain*, *supra,* on which Mr. Taylor relies, was displaced in habeas corpus practice by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  As the AEDPA was interpreted by the Supreme Court in *Cullen v. Pinholster*, 563 U.S. 170 (2011), a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered.  *Id.* at 182.

Because the evidence on which Mr. Taylor relies was not part of the record on direct appeal, he might be able to persuade a state court to consider it as part of a petition for post-conviction relief under Ohio Revised Code § 2953.21. In such a petition he could also raise his ineffective assistance of trial counsel claim, if he can overcome the statute of limitations bar of Ohio Revised Code § 2953.23. But on the present Petition which raises only a Fourth Amendment claim, Petitioner is not entitled to habeas corpus relief. Neither the Sixth Circuit nor the Supreme Court has ever held that "full and fair opportunity" includes a right to post-appeal consideration of new evidence. This Court's judgment therefore contains no manifest error of law.

October 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).